UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| GARY C. JENKINS, | ) |
|---|---|
| *Plaintiff,* | ) |
| | ) Case No. 1:06-cv-34 |
| v. | ) |
| | ) Judge Mattice |
| MATTHEW L. WHITLEY, *et al.*, | ) |
| *Defendants.* | ) |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's Motion to Resconsider [sic] [Court Doc. No. 47], by which Plaintiff Gary C. Jenkins challenges the Report and Recommendation ("R&R") issued by United States Magistrate Judge H. Bruce Guyton on October 25, 2006 [Court Doc. No. 46]. Although not styled as such, the Court will treat Plaintiff's Motion as an objection to Magistrate Judge Guyton's R&R pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).[1]

In his R&R, Magistrate Judge Guyton addressed four motions presently pending before the Court: Plaintiff's Motion for Restraining Order and Injunction [Court Doc. No. 37], Defendant Matthew Whitley's Motion to Require Plaintiff to Produce Medical Records Relating to Plaintiff's Motion for Restraining Order and Injunction [Court Doc. No. 39], Plaintiff's Motion to Strike Defendant Whitley's Motion to Require Plaintiff to Produce

---

[1] On the first page of his Motion to Resconsider [sic], Plaintiff suggests that because Magistrate Judge Guyton's R&R addresses itself to Plaintiff's Motion for Restraining Order and Injunction [Court Doc. No. 37], and because Federal Rule of Civil Procedure 65 provides that a motion for injunctive relief is to be heard by a district judge rather than a magistrate judge, Magistrate Judge Guyton's R&R is somehow improper. In this regard, Plaintiff apparently overlooks the explicit provisions of 28 U.S.C. § 636(b)(1)(B), which make clear that, while a request for injunctive relief cannot be referred to a Magistrate Judge for final disposition, it can be referred for submission to a district judge of proposed findings of fact and recommendations for disposition. Accordingly, to the extent that Plaintiff's objection to Magistrate Judge Guyton's R&R suggests that there has been an improper delegation of judicial authority, such objection is without merit and is overruled.

Medical Records Relating to Plaintiff's Motion for Restraining Order and Injunction [Court Doc. No. 42], and Plaintiff's Motion to Require Defendant Whitley to Produce Records Relating to "Safety" and Good Faith Concerning His Frivolous, Fraudulent Motion and Relating to Plaintiff's Amended Complaint [Court Doc. No. 44].

For the following reasons, Plaintiff's Motion to Resconsider [sic] will be **DENIED**, and the Court will **ACCEPT** and **ADOPT IN PART** the Magistrate Judge's R&R. Moreover, and as more fully explained below, because the Court finds that it lacks subject matter jurisdiction over nearly all of the claims in this action, the Court will, except as provided hereinafter with respect to Plaintiff's Fourth Amendment claim against Defendant Norwood pursuant to § 1983, **DISMISS** this action **WITHOUT PREJUDICE**. Plaintiff's Fourth Amendment claim against Defendant Norwood pursuant to § 1983 will be **DISMISSED WITH PREJUDICE**.

**I.   STANDARD OF REVIEW**

This Court must conduct a *de novo* review of those portions of the R&R to which objection is made and may accept, reject, or modify, in whole or part, the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1).

**II.   FACTS**

Although in his Motion to Resconsider [sic], the Plaintiff challenges Magistrate Judge Guyton's recitation of the relevant facts as set forth in the R&R, Plaintiff's assertions go primarily to the intermediate and ultimate conclusions which are drawn from those facts rather than to the accuracy or relevance of the facts themselves. The Court has independently reviewed the record before it and finds that the R&R's summary of

underlying relevant facts and the procedural background of this case is accurate and complete in all material respects. Accordingly, the Court **ACCEPTS** and **ADOPTS** by reference the Magistrate Judge's statement of Relevant Facts in his R&R [Court Doc. No. 46, pp. 2-5].

## III. ANALYSIS

In his R&R, Magistrate Judge Guyton found that this Court lacks subject matter jurisdiction over Plaintiff's action due to the application of the *Rooker-Feldman* doctrine. As Magistrate Judge Guyton points out, this doctrine emanates from the decisions of the United States Supreme Court in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). "The *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" *Lance v. Dennis*, 546 U.S. 459, 126 S. Ct. 1198, 1199 (2006) (quoting *Exxon Mobil Corp. v. Sandi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

As Magistrate Judge Guyton observes, and as Plaintiff concedes in his Motion to Resconsider [sic], the instant lawsuit is strikingly similar in nature to the case previously addressed by this Court in *Bryant v. Brown*, No. 1:02-cv-180 (E.D. Tenn. Jul. 29, 2002). In that case, the Court found that it lacked subject matter jurisdiction due to the application of the *Rooker-Feldman* doctrine. While conceding the similarity of the instant lawsuit to that addressed in *Bryant v. Brown*, however, Plaintiff challenges the applicability of the *Rooker-Feldman* doctrine to the case at bar and cites *Stemler v. Florence*, 350 F.3d 578,

589 (6th Cir. 2003), in support of that challenge. *Stemler* is instructive in that it points out and discusses the common conflation by courts of the *Rooker-Feldman* doctrine with the doctrines of claim and issue preclusion by which federal court plaintiffs who have had a full and fair opportunity to raise their complaints in state court are thereafter barred from relitigating those issues or claims in federal court.

To the extent he relies on *Stemler*, Plaintiff is correct that, depending on whether his litigation in the Tennessee state court system is finally concluded, his action here may be barred by the doctrines of issue and/or claim preclusion, rather than by the *Rooker-Feldman* doctrine. In such a case, if the state court litigation is finally concluded, and to the extent Plaintiff's claims were, or could have been, raised in the Tennessee state courts, his instant lawsuit would be subject to dismissal with prejudice as res judicata, rather than without prejudice for lack of subject matter jurisdiction. While the Court is aware of, and pursuant to Federal Rule of Evidence 201 will take judicial notice of, the decision of the Tennessee Court of Appeals in *In re Conservatorship of Burnette*, No. E2005-01742-COA-R3-CV, 2006 WL 3431935 (Tenn. Ct. App. Nov. 29, 2006), the Court cannot determine on the record before it whether Plaintiff's litigation regarding these matters in Tennessee state court is fully and finally concluded such that the *Rooker-Feldman* doctrine would be inapplicable.

Federal courts are courts of limited jurisdiction. *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003); *United States ex rel. McKenzie v. BellSouth Telecomms., Inc.*, 123 F.3d 935, 938 (6th Cir. 1997). As a result, a federal court must assume that a cause of action lies outside its jurisdiction unless and until the plaintiff establishes that such cause

of action is within the court's jurisdiction. *Hudson*, 347 F.3d at 141; *McKenzie*, 123 F.3d at 938. In the instant case, Plaintiff has not established that his Tennessee state court litigation is fully and finally concluded such that the *Rooker-Feldman* doctrine would be inapplicable. In the absence of such a showing, the Court must conclude that, for the reasons explained in Magistrate Judge Guyton's R&R, the *Rooker-Feldman* doctrine applies to this case and that, as a result, this Court lacks subject matter jurisdiction over nearly all of Plaintiff's claims.

Accordingly, Plaintiff's Motion to Resconsider [sic] is **DENIED**. Further, the Court will **ACCEPT** and **ADOPT** the portion of Magistrate Judge Guyton's R&R discussing the application of the *Rooker-Feldman* doctrine and will **DISMISS WITHOUT PREJUDICE** to refiling all of Plaintiff's claims—with the exception of Plaintiff's claim against Defendant Norwood for violations of the Fourth Amendment, which is addressed below—pursuant to the *Rooker-Feldman* doctrine.[2]

Because it is apparent, however, on the record before the Court, that Plaintiff's claim against Defendant Norwood for violation of the Fourth Amendment was not addressed in the underlying Tennessee state court litigation, *see In re Conservatorship of Burnette*, 2006

---

[2] Of course, in considering any refiling in this Court, Plaintiff must be cognizant of the fact that, to the extent that any of his claims against any defendant either were, or could have been, asserted in the underlying Tennessee state court litigation, such claims could be subject to dismissal with prejudice pursuant to traditional doctrines of claim preclusion or issue preclusion, as recognized in Tennessee. *See Cheatham County Rail Auth. v. McCormick Ashland City*, No. 01-A-01-9402-CH00054, 1994 WL 388273 at *3 (Tenn. July 27, 1994); *Ostheimer v. Ostheimer*, No. W2002-02676-COA-R3-CV, 2004 WL 689881, at *5 (Tenn. Ct. App. Mar. 29, 2004) (explaining that claim preclusion "bars any claims that were *or could have been* litigated in a second suit between the same parties involving the same subject matter") (internal quotation marks omitted) (emphasis added)). The purpose of claim preclusion is to prevent parties from splitting their cause of action, and its effect is to require parties to raise in one lawsuit all of the grounds for recovery that arise from a transaction, occurrence, or series of transactions or occurrences and can be brought together. *XL Sports, Ltd. v. $1,060,000 Plus Interest Traceable to Respondent*, No. W2005-00689-COA-R3-CV, 2006 WL 197103, at *7 (Tenn. Ct. App. Jan. 26, 2006).

WL 3431935, at *11 ("[W]hether Ms. Norwood, Mr. Burnette's guardian *ad litem*, violated the Fourth Amendment of the United States Constitution by conducting an 'illegal search' of his residence . . . [was] not raised below; therefore [it was] and [is] waived as far as this appeal is concerned." (citing *Civil Serv. Merit Bd. v. Burson*, 816 S.W.2d 725, 735 (Tenn. 1991))), and it is not clear that such claim could have been raised in such litigation, the Court concludes that the *Rooker-Feldman* doctrine does not apply to this claim, and the Court therefore has subject matter jurisdiction over said claim. Accordingly, Defendant Norwood's pending Motion to Dismiss [Court Doc. No. 3] is ripe for the Court's consideration with respect to such claim.

The claim at issue is set forth, insofar as the Court can tell, in paragraphs 188 through 190 of Plaintiff's Amended Complaint [Court Doc. No. 2], which state as follows:

> 188. Upon recessing for lunch on the first day of Hearing, March 9, Norwood sought court approval to enter Plaintiff's home. With no court order or warrant, but pretending to have such authority, she rushed to the dwelling and demanded immediate entrance. She locked the door behind her, with Plaintiff's attorney having directed him and two other witnesses to "stay out," they searched his private residence for near thirty minutes. (Exhibit 2, Poe Affidavit)
>
> 189. The unlawful invasion, violating the Fourth Amendment, produced no substantial evidence, merely that the house was in need of cleaning, there was a crack in the kitchen tile, etc., and the FALSE report that the house was "unsafe." Norwood returned to court with a plastic-bagged capsule she picked up off the kitchen floor (which Plaintiff had dropped), as though she had investigated a crime scene. The taking of the capsule was tantamount to seizure, albeit a very small seizure, there was no respect for Plaintiff's rights or property.
>
> 190. Norwood's surprise invasion and search, even searching through drawers and videocassettes, was without authority and a blatant violation of the Fourth Amendment (as well as state and federal code), which protects citizens from

>unreasonable invasions, searches and seizures, that they may feel secure in their own homes.

Although it is not readily apparent from the Amended Complaint, the Court assumes that Plaintiff is asserting this claim against Ms. Norwood through 42 U.S.C. § 1983 rather than directly through the Fourth Amendment; in any event, the analysis and conclusion are the same. As Defendant Norwood makes clear in her Memorandum in Support of her Motion to Dismiss [Court Doc. No. 4], Plaintiff's claim against her cannot survive her motion to dismiss for at least two independent reasons.

First, in order to sustain a cause of action under § 1983, a plaintiff must allege and prove that a person acting under color of state law deprived him of a right secured by the federal constitution or laws of the United States. 42 U.S.C. § 1983; *Daniels v. Charter One Bank*, 39 F. App'x 223, 225 (6th Cir. 2002) (citing *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991)). Similarly, the protections afforded to citizens by the Fourth and Fourteenth Amendments apply only to state and governmental action. *Daniels*, 39 F. App'x at 225 (citing *Mays v. Buckeye Rural Elec. Coop.*, 277 F.3d 873, 880 (6th Cir. 2002); *Bills v. Aseltine*, 958 F.2d 697, 703 (6th Cir. 1992)). Tennessee and federal courts, however, have made clear that a guardian *ad litem*, which was the capacity in which Ms. Norwood was indisputably acting with respect to these allegations set forth in the Amended Complaint, does not act under color of state law or as a state actor for purposes of § 1983 or the Fourth Amendment. *See Holley v. Deal*, 948 F. Supp. 711, 714-15 (M.D. Tenn. 1996); *Winchester v. Little,* 996 S.W.2d 818, 824 (Tenn. Ct. App. 1998). As a result, Plaintiff cannot sustain a cause of action under § 1983 or the Fourth Amendment against Ms. Norwood in her capacity as a guardian *ad litem*.

Second, even if the Court were to conclude that Defendant Norwood was acting under color of state law or as a state actor, it is also clear that under § 1983, as a court-appointed guardian *ad litem,* Defendant Norwood would be absolutely immune from liability. *Kurzawa v. Mueller*, 732 F.2d 1456, 1458 (6th Cir. 1984). For these reasons, Defendant Norwood's Motion to Dismiss is **GRANTED IN PART** with respect to Plaintiff's Fourth Amendment claim against her pursuant to § 1983, and such claim must be **DISMISSED WITH PREJUDICE**.

## IV. CONCLUSION

For the reasons explained above, it is **ORDERED** as follows:

1. Plaintiff's Motion to Resconsider [sic] [Court Doc. No. 47] is **DENIED**.

2. Magistrate Judge Guyton's Report and Recommendation [Court Doc. No. 46] is **ACCEPTED** and **ADOPTED IN PART**.

3. All of Plaintiff's claims other than his claim against Defendant Norwood under the Fourth Amendment to the U.S. Constitution pursuant to § 1983 are **DISMISSED WITHOUT PREJUDICE** pursuant to the *Rooker-Feldman* doctrine.

4. The Motion of Defendants Norwood and Atchley to Dismiss [Court Doc. No. 3] is **GRANTED IN PART** with respect to Plaintiff's claim against Defendant Norwood under the Fourth Amendment to the U.S. Constitution pursuant to § 1983, and such claim is **DISMISSED WITH PREJUDICE**.

5. In accordance with Federal Rule of Civil Procedure 54(d)(1), Defendants are entitled to recover their costs of this action.

6. The Clerk is directed to close the file in this case.

SO ORDERED this 27th day of March, 2007.

                                             *s/ Harry S. Mattice, Jr.*
                                        HARRY S. MATTICE, JR.
                                    UNITED STATES DISTRICT JUDGE