UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

GARY C. JENKINS,                          )
                                          )
            Plaintiff,                    )
                                          )
      v.                                  )        No. 1:06-cv-34
                                          )        (Mattice/Guyton)
MATTHEW LEE WHITLEY, HOWELL N.            )
PEOPLES, individually and in his official )
capacity as Hamilton County Chancery Court, )
Part 2, STEPHEN S. DUGGINS, LINDA JONES   )
NORWOOD, ALICIA DIANNE BENNETT,           )
FIELDING HURST ATCHLEY, W. FRANK          )
BROWN, individually and in his official   )
capacity as Chancellor of Hamilton County )
Chancery, Part 1,                         )
                                          )
            Defendants.                   )

## REPORT AND RECOMMENDATION

This matter is before the undersigned pursuant to 28 U.S.C. §636(b), the Rules of this

Court, and by Order [Docs. 52, 56] of the Honorable Harry S. Mattice, Jr., United States District

Judge, for a report and recommendation on Defendant Norwood's and Atchley's Motion for Costs

and Attorney's Fees [Doc. 50] and Defendants Matthew Lee Whitley and Alicia Dianne Bennett's

Motion for an Award of Attorney Fees Pursuant to 42 U.S.C. § 1988 [Doc. 54].

The plaintiff, proceeding *pro se*, filed an Amended Complaint [Doc. 2] on March 9,

2006, against numerous defendants, alleging a wide variety of causes of actions and asserting

specific claims against numerous defendants, including Linda Jones Norwood, Fielding H. Atchley,

Matthew Lee Whitley, and Alicia Dianne Bennett, pursuant to 42 U.S.C. § 1983 and 42 U.S.C. §

12101 and "prefer[ing] charges" under 18 U.S.C. §§ 241 and 242. In a letter dated March 31, 2006, counsel for defendants Norwood and Atchley advised the plaintiff of their intent to pursue an award of sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927 and attorney's fees pursuant to 42 U.S.C. § 1988 on the grounds that the Amended Complaint was frivolous and without merit. Although the defendants did not file a Rule 11 motion, they did file motions to dismiss [Docs. 3, 5, 7, 9, 11].

On March 27, 2007, the District Court entered a Memorandum and Order [Doc. 48], finding that the Court lacked subject matter jurisdiction over nearly all of the plaintiff's claims pursuant to the Rooker-Feldman doctrine and dismissing without prejudice all of the plaintiff's claims with the exception of the plaintiff's claim against defendant Norwood for violations of the Fourth Amendment. With respect to this latter claim, the District Court concluded that the plaintiff could not maintain an action under § 1983 against Norwood because (1) she was not acting under color of state law and (2) as a court-appointed guardian ad litem, she had absolute immunity from liability. [Id.]. Accordingly, the District Court dismissed the Fourth Amendment claim against Norwood with prejudice. [Id.].

Defendants Norwood, Atchley, Whitley, and Bennett now move pursuant to 42 U.S.C. § 1988, Fed. R. Civ. P. 54(d)(2)(A), and E.D. TN LR 54.2 for an award of attorney's fees and litigation expenses incurred in defending this lawsuit. [Docs. 50, 54]. For grounds, the defendants state that they are the prevailing party in this litigation; that the plaintiff's position in this litigation was frivolous, unreasonable, and without foundation; and that the plaintiff asserted his claims in bad faith.

The plaintiff opposes the defendants' request for an award of costs and fees, arguing that the District Court did not make any finding that the plaintiff's claims were frivolous, and that imposing costs upon him would cause an undue hardship. [Docs. 53, 59]. Along with his opposition to the defendants' motions, the plaintiff also filed a motion [Doc. 60], asking the Court to consider eight cases cited in his opposition to the defendants' motions.

The defendants move for an award of fees and non-taxable expenses pursuant to Rule 54(d)(2)(A) of the Federal Rules of Civil Procedure and 42 U.S.C. § 1988. Section 1988 provides that a district court "in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). The purpose of this section "is to provide an opportunity for private citizens to vindicate important constitutional rights." Tarter v. Raybuck, 742 F.2d 977, 984 (6th Cir. 1984). The Supreme Court has held that "while prevailing plaintiffs are entitled to attorneys fees under that statute in all but special circumstances, prevailing defendants are entitled to attorneys fees much less frequently." Smith v. Smythe-Cramer Co., 754 F.2d 180, 182 (6th Cir. 1985). A district court may, in its discretion, award attorney's fees to a prevailing defendant in a § 1983 case if the Court finds that "the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Hughes v. Rowe, 449 U.S. 5, 14 (1980) (quoting Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978)).

"An award of attorney fees against a losing plaintiff in a civil rights action 'is an extreme sanction, and must be limited to truly egregious cases of misconduct.'" Riddle v. Egensperger, 266 F.3d 542, 547 (6th Cir. 2001) (quoting Jones v. Continental Corp., 789 F.2d 1225, 1232 (6th Cir. 1986)). Before awarding fees under § 1988, the Court must first consider the

plaintiff's basis for bringing suit. <u>Wolfe v. Perry</u>, 412 F.3d 707, 720 (6th Cir. 2005) (quoting <u>Smith</u>, 745 F.2d at 183). As the Supreme Court has noted:

> The fact that a [pro se plaintiff's] complaint, even when liberally construed, cannot survive a motion to dismiss does not, without more, entitle the defendant to attorney's fees. An unrepresented litigant should not be punished for his failure to recognize subtle factual or legal deficiencies in his claims.

<u>Hughes</u>, 449 U.S. at 15; <u>see also</u> <u>Christiansburg</u>, 434 U.S. at 421 ("it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation").

The Sixth Circuit has noted that an award of attorney's fees to the prevailing defendants is appropriate "where no evidence supports the plaintiff's position or the defects in the suit are of such magnitude that the plaintiff's ultimate failure is clearly apparent from the beginning or at some significant point after which the plaintiff continues to litigate." <u>Smith</u>, 754 F.2d at 183.

In discussing the plaintiff's claims, the District Court made no finding that the plaintiff's claims were frivolous, groundless, or without foundation, nor did the District Court find that the plaintiff had brought this action in bad faith. Indeed, the factual basis of the plaintiff's claims were never explored in this case, as most of the claims (save for the claims against defendant Norwood) were dismissed on jurisdictional grounds. <u>See</u> <u>Pryzina v. Ley</u>, 813 F.2d 821, 823-24 (7th Cir. 1987) ("[W]e have recognized that arguments that a lawyer should or would recognize as clearly groundless may not seem so to the *pro se* [plaintiff]. This is particularly true where a case turns on a somewhat obscure jurisdictional ground."). Furthermore, the bulk of the plaintiff's claims were dismissed without prejudice. For these reasons, and mindful that an award of fees against a

civil rights plaintiff is "an extreme sanction," see Riddle, 266 F.3d at 547, and that as a *pro se* litigant, the plaintiff is not skilled or experienced in the law, it is **RECOMMENDED**[1] that Defendant Norwood's and Atchley's Motion for Costs and Attorney's Fees [Doc. 50] and Defendants Matthew Lee Whitley and Alicia Dianne Bennett's Motion for an Award of Attorney Fees Pursuant to 42 U.S.C. § 1988 [Doc. 54] be **DENIED**.

With respect to the plaintiff's motion [Doc. 60], the Court notes that such motion is neither authorized or required by the Federal Rules of Civil Procedure. Furthermore, because the Court considers all caselaw cited in a party's brief as a matter of course, the Court finds that the plaintiff's motion [Doc. 60] is moot and therefore **RECOMMENDS** that it be **DENIED AS MOOT**.

Respectfully submitted,


_____s/ H. Bruce Guyton_____
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).