UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| GARY C. JENKINS, ) | |
| ) | |
|   *Plaintiff*, ) | |
| ) | |
| v. ) | Case No. 1:06-cv-34 |
| ) | |
| MATTHEW LEE WHITLEY, *et al.*, ) | Judge Mattice |
| ) | |
|   *Defendants*. ) | |

## **MEMORANDUM AND ORDER**

Before the Court is United State Magistrate Judge H. Bruce Guyton's Report and Recommendation ("R&R") of May 16, 2007 (Court Doc. No 61) and Defendants Matthew Whitley's and Alicia Bennett's Objection thereto (Court Doc. No. 62). Defendants Whitley and Bennett object to the portion of Magistrate Judge Guyton's R&R which recommends that their earlier motion for attorney's fees be denied. For the reasons set forth below, the Court will **DENY** Defendants' objection, **ADOPT IN PART** Magistrate Judge Guyton's R&R as to Defendants Whitley and Bennett, and **ADOPT** Magistrate Judge Guyton's R&R as to Defendants Norwood and Atchley.

**I.  STANDARD OF REVIEW**

This Court must conduct a *de novo* review of those portions of the R&R to which an objection is made and may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1)(C); Federal Rule of Civil Procedure 72(b).

## II. ANALYSIS

Defendants Whitley and Bennett seek attorney's fees pursuant to 42 U.S.C. § 1988(b). Section 1988(b) states, in pertinent part, that "the court, in its discretion, may allow *the prevailing party*, other than the United States, a reasonable attorney's fee as part of the costs . . . ." *Id.* (emphasis added). "To be a prevailing party, a party must receive at least some relief on the merits of [its] claim such as a judgment, an injunction, or a consent decree." *Horner v. Ky. High Sch. Athletic Ass'n,* 206 F.3d 685, 698 (6th Cir. 2000). Dismissal for lack of subject matter jurisdiction is not an adjudication on the merits, *see Stephens v. Retirement Income Plan for Pilots of U.S. Air, Inc.*, 464 F.3d 606, 613 n.3 (6th Cir. 2006), and does not produce a prevailing party under § 1988(b), *Assoc. Gen. Contractors of Tenn., Inc. v. County of Shelby*, 5 Fed. App'x 374, 377 (6th Cir. 2001) (per curium) (citing *Keene Corp. v. Cass*, 908 F.2d 293, 297-98 (8th Cir. 1990)).

In the instant case, the Court found that it lacked subject matter jurisdiction over Defendants Whitley and Bennett under the *Rooker-Feldman* doctrine. The Court did not rule on the merits of Defendants' claims. *See id.* Accordingly, Defendants Whitley and Bennett are not prevailing parties and, therefore, are not eligible for an award of attorney's fees under § 1988(b). *Horner,* 206 F.3d at 698; *see also Elwood v. Drescher*, 456 F.3d 943, 948 (9th Cir. 2006) (holding that dismissal under *Rooker-Feldman* precludes an award of attorneys' fees under § 1988).

## III. CONCLUSION

For the reasons set forth above, Defendants Matthew Whitley's and Alicia Bennett's Objection [Court Doc. No. 62] is **DENIED**. Pursuant to 28 U.S.C. §

636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), the Court **ACCEPTS** and **ADOPTS IN PART** Magistrate Judge's R&R [Court Doc. No 61] as to whether Defendants Whitley and Bennett should be awarded attorney's fees.

After reviewing the record, the Court agrees with Magistrate Judge Guyton's R&R as to Defendants Norwood and Atchley. Neither party has filed an objection to this portion of the R&R within the given ten days. The Court thus **ACCEPTS** and **ADOPTS** Magistrate Judge Guyton's R&R [Court Doc. No 61] as to Defendants Norwood and Atchley pursuant to § 636(b)(1) and Rule 72(b).

SO ORDERED this 12th day of June, 2007.

*/s/ Harry S. Mattice, Jr.*
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE